```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**TIMOTHY G. ROGAN,**

      **Petitioner,**

      vs.                               **Civil Action 2:17-cv-139**
                                             **Criminal No. 2:16-cr-0108**
                                             **CHIEF JUDGE SARGUS**
                                             **Magistrate Judge King**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a *pro se* motion to vacate under 28 U.S.C. § 2255. *Motion to Vacate*, ECF No. 53. This matter is now before the Court for the initial review required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons that follow, it is **RECOMMENDED** that this action be dismissed.

Petitioner was convicted, on his plea of guilty, to an information charging him, in Count 1, with robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, and, in Count 2, with brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *Information*, ECF No. 28. The *Plea Agreement*, ECF No. 29, which was executed pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, required "a 7 year term of imprisonment, followed by a five year term of supervised release." *Id*. at ¶ 4. On November 10, 2016, Petitioner was sentenced to no term of imprisonment

1

on the Hobbs Act conviction and to 84 months' imprisonment – *i.e.*, the statutory mandatory term of imprisonment - on the firearm conviction. *Judgment*, ECF No. 51 (PageID# 91). He was also sentenced to an aggregate 5 year term of supervised release on the two counts of conviction. *Id*. (PageID# 92). Petitioner did not pursue a direct appeal from his conviction or sentence.

Petitioner filed the *Motion to Vacate* on February 17, 2017. He alleges that his trial counsel was ineffective because she failed to challenge his Hobbs Act conviction as unconstitutional in light of *Mathis v. United States*, — U.S. —, 136 S.Ct. 2243 (2016), and *Descamps v. United States*, — U.S. —, 133 S.Ct. 2276 (2013), and failed to challenge his firearm conviction as unconstitutionally vague in light of *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551 (2015), and *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted sub nom. Lynch v. Dimaya*, 137 S.Ct. 31 (Sept. 29, 2016). Petitioner asks that his firearm conviction be vacated and that he be released from prison. *Motion to Vacate* (PageID# 106, 107).

Petitioner contends that his firearm conviction, *i.e.*, the conviction for which he was sentenced to a term of imprisonment, is invalid under *Johnson,* 135 S.Ct. 2551, and *Dimaya,* 803 F.3d 1110. *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1)(B)(ii), is unconstitutionally vague. In *Dimaya*, the United States Court of Appeals for the Ninth Circuit held that the Immigration and Nationality Act's definition of "aggravated felony", 8 U.S.C. § 1101(a)(43)(F), which incorporates the

2

ACCA's definition of "violent felony," 18 U.S.C. § 16(b), is unconstitutionally vague. However, neither *Johnson* nor *Dimaya* applies to Petitioner's firearm conviction.

Petitioner pleaded guilty and was sentenced to the mandatory term of imprisonment on the charge of brandishing a firearm during and in relation to a crime of violence, as described in Count 1 of the *Information*. The statute under which Petitioner was charged in this count, 18 U.S.C. § 924(c)(1)(A)(ii), provides for an enhanced punishment for any person who, *inter alia*, brandishes a firearm "during and in relation to" or "in furtherance of" any crime of violence. The statute defines "crime of violence" as a felony that:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Section 924(c)(3)(A) is referred to as the 'force clause' of the statute, while section 924(c)(3)(B) is referred to as the 'residual clause.'" *United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *2 (E.D. Mich. Dec. 18, 2015)(footnote omitted). Petitioner appears to argue that the "residual clause" of § 924(c) is unconstitutionally vague, and that his conviction for brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii) is therefore constitutionally invalid. However, the United States Court of Appeals for the Sixth Circuit has expressly held that *Johnson* does not affect § 924(c). *United States v. Taylor*,

3

814 F.3d 340, 375 (6th Cir. 2016). This Court is bound by that decision.

Petitioner also argues that the predicate offense for his firearm conviction under § 924(c), *i.e.,* his Hobbs Act offense as charged in Count 1 of the *Information*, categorically does not require violent conduct, or the use, attempted use, or threatened use of violence. In making this argument, Petitioner relies on *Mathis,* 136 S.Ct. 2243, and *Descamps,* 133 S.Ct. 2276. *Mathis* held that a prior conviction does not qualify as a predicate violent felony for purposes of the ACCA if an element of the crime is broader than an element of the generic offense; *Descamps* held that courts may not apply the modified categorical approach to sentencing under the ACCA when the crime of conviction has a single, indivisible set of elements. However, numerous courts have held that a Hobbs Act robbery may constitute the predicate offense for a conviction under 18 U.S.C. § 924(c). *See, e.g., Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151, 2155-56 (2013); *United States v. Richardson*, 793 F.3d 612, 617 (6th Cir. 2015); *Murphy v. United States*, No. 2:05-cr-0001(1), 2016 WL 4886935 (S.D. Ohio Sept. 14, 2016).

For all these reasons, then, the Court concludes that the *Motion to Vacate* is without merit.

It is therefore **RECOMMENDED** that this action be dismissed.

### Procedure on Objections

If any party seeks review by the District Judge of this *Report*

4

*and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)). Filing only "vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete

5

failure to object." *Drew v. Tessmer*, 36 F. App'x 561, 561 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).


*s/Norah McCann King*
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

Date:  February 21, 2017